UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| TERRANCE LIGGINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-02129-SLD-JEH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>ORDER</u>

The matter comes before the Court on United States Magistrate Judge Jonathan Hawley's oral report and recommendation that the Court grant Petitioner Terrance Liggins's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1, and counseled Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 7, on the basis that his counsel's failure to raise a challenge to his sentence being enhanced because of prior Illinois cocaine convictions constituted ineffective assistance of counsel, *see generally* Evidentiary Hr'g Tr., ECF No. 20, as well as the Government's objections to the report and recommendation, Objs., ECF No. 22.  For the reasons that follow, the objections are SUSTAINED, and the report and recommendation is REJECTED.  Petitioner's § 2255 motions are DENIED.

## BACKGROUND[1]

### I.      Procedural Background

Petitioner filed a *pro se* § 2255 motion asserting ineffective assistance of counsel claims, a claim that his aggravated battery conviction did not qualify as a career offender predicate, and a claim that his due process rights were violated by Judge Colin Bruce, who presided over the case through sentencing.  Pro Se 2255 Mot. 4–8.[2]  The Court appointed counsel to represent Petitioner, *see* Feb. 2, 2021 Text Order, and counsel filed a counseled § 2255 motion which added a claim that Judge Bruce violated 28 U.S.C. § 455(a) by failing to recuse himself, Counseled 2255 Mot. 13, and clarified that one of the ineffective assistance of counsel claims was that Petitioner's counsel, Todd Ringel, was ineffective for failing to object to using his Illinois cocaine convictions as predicates for enhancing his sentence under 21 U.S.C. § 841(b)(1)(B), *see id.* at 4.

The Court denied all of Petitioner's claims except his claim that Ringel was ineffective for failing to argue that he did not qualify for an enhanced sentencing range under 21 U.S.C. § 841(b)(1)(B).  Sept. 28, 2022 Order 19, ECF No. 9.  The Court ordered an evidentiary hearing for that claim.  *Id.*

### II.      21 U.S.C. § 841(b)(1)(B) Enhancement

As context for the forthcoming analysis, the Court briefly repeats its reasoning on Petitioner's claim that counsel was ineffective for failing to argue that his Illinois cocaine convictions could not serve as predicates to enhance his sentencing range under § 841(b)(1)(B). *Id.* at 14–19.

---

[1] The Court presumes familiarity with its September 28, 2022 Order, ECF No. 9, and includes only the background necessary to resolve the currently pending motions.  Citations to Petitioner's underlying criminal case, *United States v. Liggins*, 2:17-cr-20032-SLD-EIL-1, take the form: Cr. __.

[2] The Court uses the page numbers generated by CM/ECF because the motion is not consistently paginated.

Petitioner was charged with possessing 500 grams or more of a mixture and substance containing cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Indictment 1–2, Cr. ECF No. 1.  At the time he was charged and sentenced, the minimum sentence of imprisonment for Petitioner's drug charge was generally five years and the maximum sentence was generally forty years.  21 U.S.C. § 841(b)(1)(B)(ii) (effective Aug. 3, 2010 to Dec. 20, 2018).  But if a defendant committed the offense "after a prior conviction for a felony drug offense ha[d] become final" there was a mandatory minimum ten-year sentence and a maximum life sentence.  *Id.*  A "felony drug offense" was defined as "an offense . . . punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44) (effective July 22, 2016 to Oct. 23, 2018).

In *United States v. Ruth*, 966 F.3d 642, 645–50 (7th Cir. 2020), the Seventh Circuit held that an Illinois conviction for possessing cocaine with intent to deliver does not qualify as a predicate felony drug offense for purposes of the enhanced statutory range because Illinois defines cocaine more broadly than federal law.  *Cf. White v. United States*, 8 F.4th 547, 556 (7th Cir. 2021) ("The definition of cocaine under the Controlled Substances Act does not include 'positional isomers,' but the definition under Illinois law does.").  Petitioner was subjected to the enhanced statutory range because of two Illinois convictions for possession of cocaine and possession of cocaine with intent to deliver.  Presentence Investigation Report ("PSR") ¶¶ 30, 32, Cr. ECF No. 26; Mot. Correct PSR 2, Cr. ECF No. 25.  Under *Ruth*, these convictions would not qualify as felony drug offenses.  *See* Sept. 28, 2022 Order 15–16.

3

The Court found in its September 28, 2022 Order that Petitioner could establish prejudice from Ringel's failure to argue that Petitioner's cocaine convictions could not be used to subject him to an enhanced sentencing range under 21 U.S.C. § 841(b)(1)(B). *Id.* at 16. The enhanced statutory maximum increased Petitioner's offense level and, accordingly, his Sentencing Guidelines imprisonment range. *Id.*

"The trickier question," the Court noted, was "whether Petitioner [could] show that Ringel performed deficiently for failing to raise th[e] issue at his sentencing in May 2018." *Id.* It found that "Ringel should have been aware of a potential categorical challenge to Petitioner's predicate offenses in 2018," but that it was not clear whether he explored the claim and "decided, as a matter of strategy, to make other arguments." *Id.* at 18–19. The Court ordered an evidentiary hearing to determine whether Ringel considered such a challenge. *Id.* at 19.

### III.    Evidentiary Hearing

The Court referred the matter to Judge Hawley to conduct the hearing. Jan. 5, 2023 Text Order. The hearing was held on November 15, 2023. Nov. 15, 2023 Min. Entry.

Ringel passed away before the Court issued its first order in this case. *See* Sept. 28, 2022 Order 19 n.7; *see* Evidentiary Hr'g Tr. 23:19–20. Petitioner first proffered the testimony of Attorney Mark Johnson that Ringel took Petitioner's file with him after he left Johnson's firm and thus Johnson had no access to notes or letters that would shed light on Ringel's research, strategy, or conversations with Petitioner. Evidentiary Hr'g Tr. 4:5–18. Next, Petitioner testified. *Id.* at 5:1–5. Petitioner met with Ringel "[m]aybe three, four" times. *Id.* at 7:9–10. After Petitioner pleaded guilty but before sentencing, Ringel tried to withdraw. *See* Mot. Withdraw, Cr. ECF No. 20; Apr. 2, 2018 Min. Entry (denying the motion). After that, Petitioner felt like Ringel "gave up on" him. Evidentiary Hr'g Tr. 9:11–12. Petitioner and Ringel met

4

2:19-cv-02129-SLD-JEH  # 23  Filed: 02/26/24  Page 5 of 11

either a few days or a week prior to the sentencing hearing to discuss the PSR. *Id.* at 8:9–16. Petitioner asked Ringel to challenge his status as a career offender under the Guidelines, *id.* at 10:7–9, but they never talked about challenging his prior drug convictions under the categorical approach, *id.* at 10:16–24. They never discussed anything related to the issues decided in *Ruth*. *Id.* at 12:5–8. Ringel did not ever discuss with Petitioner "the possibility of challenging the statutory maximum for [his] offense because a predicate offense did not qualify." *Id.* at 34:11–16.

When Petitioner and Ringel met to discuss the PSR, the PSR stated that his statutory sentencing range for imprisonment was five to forty years, but then at sentencing it was revised to state that it was ten years to life. *Id.* at 30:1–15.[3] Petitioner asked Ringel "to check into" the change. *See id.* at 30:18–25; *id.* at 35:2–6 ("*[T]he PSR . . . has it at 5 to 40. How can it be 10 to life?* That's all I kept asking him. He wouldn't give me no answer about it. Like, *Well, that's what it is if that's what it is.*"). Right before sentencing Ringel told Petitioner they could not make any objections to the PSR because it was "going to void the plea agreement." *E.g.*, *id.* at 12:8–14:11.

Judge Hawley noted that the burden was on Petitioner "to establish by a preponderance of the evidence . . . that the failure of . . . Ringel to make a categorical challenge to the predicate offense was not the result of . . . a reasonable strategic choice." *Id.* at 43:16–21. He identified the question before him as whether there was evidence that Ringel "either did or did not even consider the *Ruth* issue." *Id.* at 44:16–17. He noted that Petitioner had testified that they never

---

[3] In its previous order, the Court explained that the Government moved to correct the PSR to reflect that Petitioner had two prior felony drug offenses, meaning he was subject to an enhanced sentence under 21 U.S.C. § 841(b)(1)(B). Sept. 28, 2022 Order 3–4. Ringel agreed with the corrections, and Judge Bruce accepted the PSR with the Government's corrections. *Id.* at 4. Thus, while the PSR initially stated the sentencing range of five to forty years, at the sentencing hearing it was revised to say ten years to life. *Id.* at 3–4.

discussed it and found that a reasonable inference was that Ringel did not consider the issue because "one would expect competent counsel to at least raise the issue with their client." *Id.* at 45:1–6. He found Petitioner's testimony credible because Petitioner referenced the unique circumstance that his initial PSR stated five to forty years as the statutory range for imprisonment but it was changed at sentencing to ten to life and because Petitioner's testimony that they did not discuss the issue was somewhat of a statement against interest. *Id.* at 45:15–46:16 ("[F]rankly, I think that if someone was hoping to get relief here and was going to give a false answer that the answer that would make sense is: *Yeah. I, I told him that we should challenge this, and he said no.*"). He found that, accordingly, there was sufficient evidence that Ringel did not consider the issue and "it could not be the result of a reasonable strategic decision because there was no decision made at all on the question." *Id.* at 47:10–22. He recommended that the Court grant Petitioner's § 2255 motions. *See id.* at 47:23–48:2.

## IV.    Objections

The Government objects to Judge Hawley's report and recommendation. Objs. 1.[4] It argues that Judge Hawley misapplied the burden of proof and drew an unjustifiable inference because there was no evidence about what arguments Ringel considered making. *Id.* at 7–10. It also argues that Ringel was not ineffective for failing to raise the *Ruth*-style argument because it "would have been fruitless in [P]etitioner's circumstances" and because Petitioner and his counsel made a reasonable decision to pursue "a cooperation plea agreement that gave him more certainty in his sentencing than the (at the time) theoretical *Ruth* challenge." *Id.* at 10.

---

[4] The Court uses the page numbers generated by CM/ECF because the objections are not paginated.

**DISCUSSION**

**I.      Legal Standard**

When a magistrate judge considers a pretrial matter dispositive of a party's claim or

defense, he must enter a recommended disposition.  Fed. R. Civ. P. 72(b)(1).  Parties may object

within fourteen days.  *Id.* 72(b)(2).  The district judge considers *de novo* the portions of the

recommended disposition that were properly objected to and may accept, reject, or modify the

recommended disposition or return it to the magistrate judge for further proceedings.  *Id.*

72(b)(3).

**II.      Analysis**

Claims of ineffective assistance of counsel are subject to the two-prong test set forth in

*Strickland v. Washington*, 466 U.S. 668 (1984).  This test requires a petitioner to show that his

counsel's performance "fell below an objective standard of reasonableness" and that he suffered

prejudice as a result.  *Id.* at 688, 692.  For two reasons, the Court concludes that Petitioner has

failed to establish his ineffective assistance of counsel claim.

First, Petitioner bears the burden of proof on his claim by a preponderance of the

evidence.  *See United States v. Trumblay*, 234 F.2d 273, 275 (7th Cir. 1956) ("On a motion to

vacate, set aside or correct a sentence, a movant has the burden of proof."); *Hearn v. United*

*States*, 194 F.2d 647, 649 (7th Cir. 1952) ("To sustain his motion made under Sec. 2255, the

burden of proof was on the appellant to establish by a preponderance of the evidence that he had

been deprived of some right under the Constitution.").  But he presented no evidence about

whether or not Ringel considered making a *Ruth*-style challenge to using his prior cocaine

convictions to enhance his sentencing range.  And "[t]he absence of evidence is not evidence of

absence."  *Santiago v. Rabideau*, No. 15 C 1856, 2019 WL 1747361, at *9 (N.D. Ill. Apr. 18,

2019) (alteration in original) (quotation marks omitted) (citing cases); *cf. NLRB v. Louis A. Weiss Mem'l Hosp.*, 172 F.3d 432, 446 (7th Cir. 1999) ("An absence of evidence does not cut in favor of the one who bears the burden of proof on an issue.").

Petitioner's testimony at the hearing was only that he and Ringel did not discuss such a challenge.  Judge Hawley found this credible, Evidentiary Hr'g Tr. 44:18–46:16, a finding the Court does not reject, *Jackson v. United States*, 859 F.3d 495, 499 (7th Cir. 2017) (holding "that a district court judge may not reject a magistrate judge's material credibility findings based on a witness's live testimony, without first holding a *de novo* evidentiary hearing").  But then Judge Hawley found that this testimony supported the conclusion that Ringel did not consider a categorical challenge to Petitioner's cocaine convictions based on inferring that "competent counsel . . . [would] at least raise the issue with their client . . . even if they ma[d]e a decision that it's strategic to not raise it."  Evidentiary Hr'g Tr. 45:2–8.  In *Harris v. United States*, 13 F.4th 623, 629–31 (7th Cir. 2021), however, the Seventh Circuit held that in 2017, the *Ruth*-type challenge based on isomers "was too unprecedented to warrant discussion with the client." Petitioner's sentencing was held in 2018 but the challenge was still quite unprecedented at that time.  For example, *United States v. De La Torre*, 940 F.3d 938, 952 (7th Cir. 2019), in which the Seventh Circuit held, before *Ruth*, that a particular Indiana drug crime could not serve as a predicate felony drug offense in part because the Indiana statute included isomers of methamphetamine not included in the federal definition of methamphetamine, had not been decided yet.  Thus, the Court disagrees that it was a reasonable inference that had Ringel considered the issue, he would have raised it with Petitioner.  Petitioner's testimony is simply not probative of whether Ringel considered the challenge or not.  And without any evidence bearing on that question, Petitioner cannot meet his burden of proof.

Second, this case is similar to *Harris* in that, even if Ringel did consider making the argument, it was objectively reasonable for him to forego it.  In *Harris*, the Seventh Circuit held that regardless of whether the attorney was "aware of a possible categorical challenge to Indiana's definition of an isomer," his failure to raise the argument was objectively reasonable because had counsel pursued that novel argument, it would have risked the government withdrawing its offer to agree to a sentence of twenty years under Federal Rule of Criminal Procedure 11(c)(1)(C) and his client could have faced a mandatory life sentence.  *Harris*, 13 F.4th at 630–31 ("If the challenge was successful, Harris would not have a mandatory minimum sentence.  But if the challenge was unsuccessful, Harris would face a mandatory life sentence.  And if counsel raised the challenge, the government might have withdrawn its plea offer.").

Here, Petitioner pleaded guilty pursuant to a plea agreement with the hopes that the Government would move for a sentence reduction based on his cooperation.  *See* Evidentiary Hr'g Tr. 12:19–24 (Petitioner testifying that he cooperated because he was hoping to get credit for his cooperation); Plea Agreement ¶ 15, Cr. ECF No. 17 (requiring Petitioner to cooperate or risk violating his plea agreement); *id.* ¶ 19 (providing that the Government would, in its discretion, move for a sentence reduction if Petitioner provided substantial assistance).  The Government did move for, and Petitioner received, such a reduction.  *See* Sentencing Hr'g Tr. 11:17–12:2, 22:10–18, Cr. ECF No. 36.

But under the plea agreement, Petitioner waived his right to appeal.  Plea Agreement ¶ 28.  Without the right to appeal, there would be no reason for Ringel to raise the *Ruth*-type argument even if he considered it; he would have needed the Seventh Circuit to endorse the novel theory.  District courts had "routinely accepted" as felony drug offenses "Illinois felony convictions for delivery of controlled substances, including cocaine specifically."  *See Neal v.*

9

*United States*, No. 19-cv-1360-JPG, No. 14-cr-40076-JPG, 2021 WL 3668680, at *9 (S.D. Ill.

July 8, 2021) (collecting cases from Illinois federal district courts).  And the Seventh Circuit had,

albeit in a nonprecedential order, held that an Illinois conviction for possessing crack fell

"squarely within th[e] definition" of a felony drug offense.  *United States v. Jackson*, 419 F.

App'x 666, 671–72 (7th Cir. 2011).  The argument would have gone nowhere in 2018 without

the ability to appeal and convince the Seventh Circuit to forge a new path.

So Ringel would have had to consider whether to advise Petitioner to plead guilty without

the benefit of a plea agreement so that he could preserve his right to appeal.  But at the time, it

was far from clear that the argument that Petitioner's prior cocaine convictions did not count as

felony drug offenses would be successful.  If unsuccessful, Petitioner would have faced the same

Guidelines range for imprisonment that he otherwise would have (262 to 327 months, *see* Sept.

28, 2022 Order 4) but without the possibility of a reduction for cooperation.  If the argument

were successful, it would have only reduced his adjusted offense level by one and his Sentencing

Guidelines range for imprisonment to 235 to 293 months.  *See* Sept. 28, 2022 Order 4, 16.

Without the possibility of a reduction for cooperation, he was unlikely to get a better outcome

than he would have with the plea agreement.  Even ten percent off of 262 months would

essentially bring Petitioner's sentence to the low end of the Guidelines range that would have

been applicable had the *Ruth*-type argument been successfully made (235 months).  It was

objectively reasonable for counsel to pursue the plea agreement and possibility for a sentence

reduction instead of risking a higher sentence.

In sum, Petitioner did not put forth evidence from which the Court could conclude that

counsel performed objectively unreasonably.

### III.    Certificate of Appealability

When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability.  Rule 11(a), Rules Governing § 2255 Proceedings.  A court can grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right, so the Court declines to issue a certificate of appealability.

**CONCLUSION**

Accordingly, the Government's objections, ECF No. 22, are SUSTAINED, and the Court REJECTS United States Magistrate Judge Jonathan Hawley's oral report and recommendation, *see generally* Evidentiary Hr'g Tr., ECF No. 20.  Petitioner Terrance Liggins's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1, and counseled Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 7, are DENIED.  The Clerk is directed to enter judgment and close the case.

Entered this 26th day of February, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE